**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CORNELE A. OVERSTREET,<br><br>                Plaintiff,<br><br>    v.<br><br>APEX LINEN SERVICE INC.,<br><br>                Defendant. | Case No. 2:17-cv-02923-APG-CWH<br><br>**ORDER (1) GRANTING MOTION TO DECIDE THE PETITION ON THE PAPERS, (2) DENYING MOTION TO DISMISS, AND (3) DENYING MOTION TO STRIKE**<br><br>(ECF Nos. 3, 12, 13) |

Petitioner Cornele Overstreet, Regional Director for the National Labor Relations Board (NLRB), filed a petition for a temporary injunction against respondent Apex Linen Service, Inc. under § 10(j) of the National Labor Relations Act. ECF No. 1. Overstreet moves for the court to decide the petition on the papers. ECF No. 3. At the January 5, 2018 hearing, Apex agreed that no evidentiary hearing would be necessary and this matter can be decided on the papers. I therefore grant that motion.

Apex moves to dismiss, arguing it has not been served under Federal Rule of Civil Procedure 4. ECF No. 12. Overstreet responds that under § 10(j), Rule 4 service is not required.

Section 10(j) provides:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j). Section 10(j) does not, by its terms, require service of a summons and complaint. Instead, it "requires that adequate notice of the petition be served upon the respondent; strict adherence to Rule 4 summons specifications is not a requirement for jurisdiction over the party." *Gottfried v. Frankel*, 818 F.2d 485, 492-93 (6th Cir. 1987). As in

*Gottfried*, Apex has been "clearly served with the petition which placed it on notice of the allegations and the remedy sought," and because Apex has been the subject of unfair labor practices complaints before the Board, it cannot "assert that it lacked awareness of the full nature of the allegations." *Id.* Apex has appeared in this action and responded to the petition. *Id.* I therefore have personal jurisdiction over Apex within the meaning of § 10(j). *Id.*

Although the Federal and Local Rules would suggest a summons must issue and be served, those Rules do not override statutory language. Additionally, under Rule 81(a)(6), the Federal Rules "govern proceedings" under certain specified laws "except as these laws provide other procedures." Included among the listed statutes is "29 U.S.C. §§ 159, 160, for enforcing an order of the National Labor Relations Board." Fed. R. Civ. P. 81(a)(6)(E). A petition for injunctive relief is ancillary to an NLRB proceeding and is aimed at ensuring any future Board ruling will be able to afford meaningful relief. Thus, § 10(j)'s alternative procedure for providing notice controls. I therefore deny Apex's motion to dismiss.

Finally, Apex moves to strike, making numerous objections to the evidence Overstreet provides in support of the petition. Apex acknowledges the court can consider hearsay evidence on a motion for preliminary injunctive relief. I deny the motion, but will consider Apex's objections as they bear on the weight of the evidence.

IT IS THEREFORE ORDERED that petitioner Cornele A. Overstreet's motion to try petition for temporary injunction on the basis of the administrative record, affidavits, and documentary evidence **(ECF No. 3) is GRANTED**.

IT IS FURTHER ORDERED that defendant Apex Linen Service Inc.'s motion to dismiss **(ECF No. 12) is DENIED**.

IT IS FURTHER ORDERED that defendant Apex Linen Service Inc.'s motion to strike **(ECF No. 13) is DENIED.**

DATED this 9th day of January, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE