# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORNELE A. OVERSTREET, | Case No. 2:17-cv-02923-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING EMERGENCY MOITION TO STAY AND FOR RECONSIDERATION** |
| APEX LINEN SERVICE, INC., | |
| Defendant. | (ECF Nos. 34, 36, 37) |

Defendant Apex Linen Service, Inc. moves for a stay and reconsideration of the portion of my preliminary injunction order (ECF No. 31) requiring Apex to offer reinstatement to three terminated employees: Adam Arellano, Charles Walker, and Joseph Servin. I deny those motions.

Apex contends it was denied due process because I decided the matter on the papers and gave only limited time for oral argument at the hearing. This argument is frivolous. Apex agreed to resolve the matter on the papers at the January 5, 2018 hearing. ECF No. 23. Additionally, the hearing lasted an hour and Apex did not request additional time for argument. Indeed, I asked Apex's counsel whether there was anything further, and she said there was nothing further, except to point out there was a pending motion to dismiss. Finally, I granted Apex's request to supplement the record, which Apex did. *See* ECF No. 30.

Apex's arguments on the merits are disagreements with my evaluation of the evidence presented and my application of that evidence to the standard for granting an injunction under § 10(j) of the National Labor Relations Act. Nothing Apex presents suggests an evidentiary hearing would produce a different outcome. Moreover, Apex disclaimed at the January 5 hearing that an evidentiary hearing was necessary, and requests one now only because it does not agree with my ruling.

/ / / /

Apex contends I should stay the reinstatement portion of my order pending a decision by the Administrative Law Judge. But that ignores the purpose of a § 10(j) injunction, which is designed "to protect the integrity of the collective bargaining process and to preserve the [NLRB's] remedial power while it processes the charge." *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) (quotation omitted). As I stated in my prior order, the remedy is meant to prevent someone from accomplishing an unlawful objective based on the delay between the unfair labor practice and final resolution of the complaint process. *See Miller for & on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 455 n.3 (9th Cir. 1994) (en banc).

Finally, I do not find that the possibility of a decertification vote warrants staying or reconsidering my order. There is no evidence the engineers have voted to decertify the union. The mere possibility does not warrant relief. Moreover, Apex has presented no authority for the proposition that a decertification vote would void relief awarded to remedy prior alleged unfair labor practices while the union was representing the bargaining unit.

IT IS THEREFORE ORDERED that defendant Apex Linen Service, Inc.'s emergency motions to stay and reconsider **(ECF Nos. 34, 36, 37) are DENIED**.

DATED this 22nd day of February, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE