# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

CORNELE A. OVERSTREET,

        Plaintiff,

v.

APEX LINEN SERVICE, INC.,

        Defendant.

Case No. 2:17-cv-02923-APG-CWH

**ORDER FOR SUPPLEMENTAL BRIEFS REGARDING MOTION TO STAY PENDING APPEAL**

Defendant Apex Linen Service, Inc. moves for a stay pending appeal of the portion of my preliminary injunction order (ECF No. 31) requiring Apex to offer reinstatement to three terminated employees: Adam Arellano, Charles Walker, and Joseph Servin. ECF No. 41. In Apex's reply, it provides new information to which petitioner Cornele Overstreet has not had the opportunity to respond. I therefore will grant Overstreet leave to file a supplemental brief to address this new evidence about Servin.

Additionally, Apex's motion to stay raises a jurisdictional question that the parties have not sufficiently addressed. Apex filed a notice of appeal regarding my preliminary injunction order. ECF No. 39. While a preliminary injunction is pending on appeal, "a district court lacks jurisdiction to modify the injunction in such manner as to finally adjudicate substantial rights directly involved in the appeal." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (quotation omitted); *see also Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) (stating the filing of a notice of appeal generally divests the district court of jurisdiction over the preliminary injunction being appealed).

Federal Rule of Civil Procedure 62(c) provides an exception. Under that Rule, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Ninth Circuit has interpreted this to

mean the district court may "continue supervising compliance with the injunction." *A&M Records, Inc.*, 284 F.3d at 1099. Thus, Rule 62(c) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal," but "it does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (quotation omitted). Any action taken under Rule 62(c) "may not materially alter the status of the case on appeal." *Id.* (quotation omitted); *see also Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010) ("Though the court is allowed to modify . . . an injunction on . . . terms that secure the opposing party's rights, . . . the court only retains jurisdiction during the pendency of an appeal to act to preserve the status quo." (quotations and internal citation omitted)). Meanwhile, Federal Rule of Appellate Procedure 8(a) provides that "ordinarily" a party must first move the district court for a stay pending appeal or for an order suspending or modifying an injunction while an appeal is pending before requesting a stay in the circuit court.

Here, the entirety of the case in this court is Overstreet's application for a § 10(j) injunction. Consequently, it is arguable that a stay of that injunction, even in part, would constitute finally adjudicating the parties' rights directly involved in the appeal, would materially change the status of the case on appeal, and would alter the status quo. Additionally, Apex's reply brief offers new evidence that was not before me when I entered the injunction. It is unclear whether Apex offers that evidence only to support its motion to stay pending appeal or as a basis for me to reconsider the injunction order. And again, because the entirety of this lawsuit turns on whether an injunction is granted or denied pending a decision by the National Labor Relations Board on the merits of the underlying dispute, a stay of the injunction arguably is an alteration of my ruling on the merits of this case. I therefore direct the parties to file cross-briefs to address whether I have jurisdiction to entertain a motion to stay a portion of my preliminary injunction order while that order is on appeal.

/ / / /

1    IT IS THEREFORE ORDERED that on or before April 18, 2018, petitioner Cornele

2  Overstreet may file a supplemental brief addressing (1) the new evidence about Servin that Apex

3  presents in its reply brief (ECF No. 46) and (2) whether I have jurisdiction to entertain Apex's

4  motion to stay pending appeal (ECF No. 41).

5    IT IS FURTHER ORDERED that on or before April 18, 2018, respondent Apex Linen

6  Service, Inc. may file a supplemental brief addressing whether I have jurisdiction to entertain

7  Apex's motion to stay pending appeal (ECF No. 41).

8    DATED this 3rd day of April, 2018.

9

10   _____
     ANDREW P. GORDON
     UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28