# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORNELE A. OVERSTREET,<br><br>Plaintiff,<br><br>v.<br><br>APEX LINEN SERVICE, INC.,<br><br>Defendant. | Case No. 2:17-cv-02923-APG-CWH<br><br>**ORDER DENYING MOTION TO STAY PENDING APPEAL AND INDICATIVE RULING** |

Defendant Apex Linen Service, Inc. moves for a stay pending appeal of the portion of my preliminary injunction order (ECF No. 31) requiring Apex to offer reinstatement to three terminated employees: Adam Arellano, Charles Walker, and Joseph Servin. ECF No. 41. In Apex's reply, it provided new information to which petitioner Cornele Overstreet had not had the opportunity to respond. I therefore granted Overstreet leave to file a supplemental brief to address this new evidence about Servin. I also directed the parties to address whether I have jurisdiction to entertain the motion to stay, given that it seeks to alter an injunction that Apex has appealed.

While a preliminary injunction is pending on appeal, "a district court lacks jurisdiction to modify the injunction in such manner as to finally adjudicate substantial rights directly involved in the appeal." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (quotation omitted); *see also Townley v. Miller*, 693 F.3d 1041, 1042 (9th Cir. 2012) (stating the filing of a notice of appeal generally divests the district court of jurisdiction over the preliminary injunction being appealed). Federal Rule of Civil Procedure 62(c) provides an exception. Under that Rule, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Ninth Circuit has interpreted this to mean the district court may "continue supervising compliance with the

injunction." *A&M Records, Inc.*, 284 F.3d at 1099. Thus, Rule 62(c) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal," but "it does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (quotation omitted). Any action taken under Rule 62(c) "may not materially alter the status of the case on appeal." *Id.* (quotation omitted); *see also Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010) ("Though the court is allowed to modify . . . an injunction on . . . terms that secure the opposing party's rights, . . . the court only retains jurisdiction during the pendency of an appeal to act to preserve the status quo." (quotations and internal citation omitted)). Meanwhile, Federal Rule of Appellate Procedure 8(a) provides that "ordinarily" a party must first move the district court for a stay pending appeal or for an order suspending or modifying an injunction while an appeal is pending before requesting a stay in the circuit court.

Here, the entirety of the case in this court is Overstreet's application for a § 10(j) injunction. Consequently, a stay of that injunction, even in part, would constitute finally adjudicating the parties' rights directly involved in the appeal, would materially change the status of the case on appeal, and would alter the status quo. I therefore conclude I lack jurisdiction to alter the injunction previously entered, so I will not stay the injunction's requirement that Apex reinstate the three terminated employees.

However, under Federal Rule of Civil Procedure 62.1(a)(3), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Apex's reply brief offers new evidence that was not before me when I entered the injunction, nor has it been presented to the Administrative Law Judge (ALJ). Apex indicates it is going to move to reopen the proceedings before the ALJ to supplement the record with this new evidence. This new evidence raises substantial issues regarding whether, if it was presented to the ALJ, it would alter the

evaluation of Overstreet's likelihood of success on the merits regarding Servin's termination. It also raises substantial issues regarding the balance of factors in awarding injunctive relief regarding Servin's reinstatement. This evidence does not impact my decision related to the other terminated employees, Arellano and Walker.

IT IS THEREFORE ORDERED that defendant Apex Linen Service, Inc.'s motion to stay **(ECF No. 41) is DENIED** because I lack jurisdiction to consider it.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 62.1(b), defendant Apex Linen Service, Inc. shall notify the clerk of court for the Ninth Circuit of my indicative ruling that the motion raises substantial issues regarding the reinstatement of Joseph Servin only.

DATED this 19th day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE